UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY ELIZABETH KNOX, et al.,

Plaintiffs,

v.

CONTRA COSTA COUNTY, et al.,

Defendants.

Case No. 20-cv-01449-JCS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. No. 49

## I. INTRODUCTION

In this action, Plaintiffs Mary Elizabeth Knox, Rachel Piersig, Alison Chandler, Mary Blumberg and Jill Henderson, who are deputy district attorneys in the Contra Costa County District Attorney's Office ("DA's Office"), allege that the DA's Office has engaged in gender and age discrimination and that it is ongoing. Defendants bring a Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 8, 10(b) and 12(b)(6) ("Motion"), which is presently before the Court. The Court finds the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for May 28, 2021 pursuant to Civil Local Rule 7-1(b). The Initial Case Management Conference scheduled for the same date will remain on calendar but will be conducted at 2:00 p.m. rather than at 9:30 a.m. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.[1]

---

[1] The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. The Second Amended Complaint[2]

Plaintiffs bring this action against the County of Contra Costa, the DA's Office, and Does 1-10. Plaintiffs allege that the DA's Office "has a long and pervasive culture of systemic gender discrimination." Second Amended Complaint ("SAC") ¶ 61. According to Plaintiffs, in 2012 Contra Costa County settled a gender discrimination lawsuit and the DA's Office implemented changes to address the problem. *Id.* ¶ 62. However, they allege, since Diana Becton became Contra Costa District Attorney, in 2017, "hard-fought gains which had been made by female prosecutors for representation in management have been obliterated." *Id.* ¶¶ 2, 67. In particular, they allege:

> Instead of building on gains made by the women in the office, Ms. Becton has reversed progress for women and has engaged in a pattern and course of gender and age discrimination by systematically demoting and failing to advance, promote and assign supervisory roles to qualified and accomplished prosecutors who are women, particularly if those women have significant prosecutorial experience and tenure. It is as if she is seeking to prove she will not make it better for the women who have worked tirelessly for the County for decades.
>
> Under Ms. Becton, women in the DA's office have been stripped of the opportunity for career-advancing unit and supervisory assignments, case and specialty assignments, particularly in assignments to committees, training and leadership roles.
>
> Ms. Becton has promoted and assigned supervisory roles to significantly less qualified and less experienced men in contravention to Ms. Becton's promise to remedy the bias and discrimination against women in the office.

*Id.* ¶¶ 64-66.

Among other things, the SAC alleges that under Becton's leadership, the promotion process has changed "dramatic[ally]." *Id.* ¶ 80. In particular, it is alleged that "[j]unior male prosecutors are systemically promoted sooner than their more experienced female counterparts, resulting in higher pay that compounds with every year of employment" and that "[m]ale prosecutors now have direct supervision of at least 75% of the prosecuting attorneys." *Id.* The

---

[2] The Second Amended Complaint ("SAC") is the operative complaint.

2

SAC further alleges that "[u]nder Ms. Becton's administration, less experienced male prosecutors are now supervising higher ranking, advanced level female prosecutors" and "female prosecutors with significant prosecutorial experience have been excluded from committee membership and training positions which they previously held." *Id.* ¶¶ 78-79.

To support their allegations that Ms. Becton has engaged in discriminatory and retaliatory conduct against women, Plaintiffs offer the following specific examples:

i. Stacey Grassini, a male, was promoted to a level 5 executive management position without any prior supervisory assignments within the office. Plaintiffs are more qualified.

ii. Chris Walpole, an attorney with very limited junior supervisory experience, was promoted without process to level 5 executive management to supervise the largest vertical prosecution unit in the office, the Sexual Assault, Domestic Violence and Elder Abuse Unit. Chris Walpole was again promoted to "Acting Assistant District Attorney" to supervise Homicide, Gangs, CVRU, Sexual Assault, Domestic Violence, Special Operations and Elder Abuse (over 75% of the office.) Nancy Georgiou, the most senior level 5 and the only remaining female level 5, had formerly supervised the significant Sexual Assault, Domestic Violence and Elder Abuse Unit yet the supervisory responsibilities for the unit were assigned to a male attorney with less supervisory and sexual assault experience and despite her experience in these fields, Ms. Georgiou was moved to oversee the smallest prosecution unit. Plaintiffs are also more qualified than the male promoted.

iii. Simon O'Connell, an attorney with less than six months of junior management experience, was promoted to a level 5 executive management position instead of a number of female applicants for the position (including three of the Plaintiffs) with multiple years of executive management and unit supervisory experience.

iv. Caleb Webster, with only 5 years of experience as an attorney was promoted to the position of Misdemeanor Team Leader replacing one of the more qualified Plaintiffs.

v. Male level 3 attorneys were moved to supervise level 4 female attorneys and subsequently promoted.

vi. Symbolically, junior male attorneys and investigators were given larger window offices while more qualified female attorneys were forced to take smaller offices without windows.

vii. Newly promoted level 5 manager, Chris Walpole was selected to fill the role of Acting Assistant District Attorney instead of the more experienced, and most senior level 5, who happens to be a woman.

3

*Id.* ¶¶ 101-107.

The SAC also alleges that Ms. Becton has hired and protected men with a history of demeaning women and lists three specific examples. *Id.* ¶ 111.

The SAC sets forth lengthy and detailed factual allegations relating to qualifications of each of the individual Plaintiffs and the discrimination and retaliation that Defendants are alleged to have engaged in with respect to each Plaintiff. Due to their length, the Court does not repeat these allegations here. *See* SAC ¶¶ 19-26, 80(i), 93(vi), 110(x), 118(xv), 137(xvi), 152(xxi), 161(xxv) (Mary Elizabeth Knox); ¶¶ 27-40, 80(ii), 93(vii), 110(xi), 118(b), 137(xvii), 152(xxii), 161(f) (Rachel Piersig); ¶¶ 41-49, 80(iii), 110(xii), 118(c), 137(xviii), 152(xxiii), 161(g) (Alison Chandler); ¶¶ 50-54, 80(iv), 93(viii), 110(xiii), 118(d), 137(xix), 161(h) (Mary Blumberg); ¶¶ 55-57, 80(v), 93(ix), 110(xiv), 118(e), 137(xx), 152(xxiv), 161(i) (Jill Henderson).

The SAC asserts the following claims: (1) Gender Discrimination in violation of the Fair Employment and Housing Act ("FEHA") (asserted by all Plaintiffs against all Defendants); (2) Age Discrimination in violation of FEHA (asserted by Plaintiffs Knox, Piersig, Chandler and Henderson against all Defendants); (3) Failure to Take Preventative Action in violation of FEHA (asserted by all Plaintiffs against all Defendants); (4) Retaliation in violation of FEHA (asserted by all Plaintiffs against all Defendants); (5) Gender Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (asserted by all Plaintiffs against all Defendants); (6) Age Discrimination in violation of the Age Discrimination in Employment Act of 1967 (as amended, 29 U.S.C. §§ 621 to 634) ("ADEA") (asserted by Plaintiffs Knox, Piersig, Chandler and Henderson against all Defendants); and (7) Retaliation in violation of Title VII of the Civil Rights Act of 1964 (asserted by all Plaintiffs against all Defendants).

In the Remedies section of the SAC, Plaintiffs seek a "preliminary and permanent injunction ordering Defendants to immediately cease their discriminatory and illegal practices with regard to gender and age discrimination and retaliation and to take all reasonably necessary steps to ensure that such practices do not take place in the future." SAC, Prayer ¶ 1. In addition, they ask for "[r]escission of each demotion and promotion effective October 2018 to date and the appointment of an outside panel of experienced prosecutors to be selected by Plaintiffs to conduct

a hiring process and recommendation of the appointment of candidates to every Executive Management position." *Id. ¶ 2*. Plaintiffs also ask for retroactive pay increases and reinstatement to committees from which they have been improperly excluded. *Id.* ¶¶ 3-4. Finally, they seek, *inter alia*, compensatory damages, attorneys' fees and costs against all Defendants. *Id.* ¶¶ 5-9.

### B. Procedural Background

The original complaint in this action was brought by Mary Elizabeth Knox, Rachel Piersig, Alison Chandler and Mary Blumberg against Contra Costa County, the DA's Office, DA Diana Becton and Does 1-10. Plaintiffs subsequently amended the complaint to add Jill Henderson as a plaintiff. Defendants brought a motion to dismiss the amended complaint and Plaintiffs chose to amend the complaint instead of opposing the motion, filing their Second Amended Complaint. In the SAC, Plaintiffs dropped Diana Becton as a defendant and withdrew their request for punitive damages, thus rendering moot two of the arguments raised in Defendants' motion to dismiss. They also included specific factual allegations about each Plaintiff in the claims, rather than only in the factual background section of the complaint, apparently in an effort to address Defendants' argument that their complaint did not satisfy the requirements of Rule 10(b) of the Federal Rules of Civil Procedure, requiring that each claim founded on a separate transaction or occurrence must be stated in a separate count or defense. Defendants reassert their remaining challenges in the instant motion, arguing that the amendments to the complaint made in the SAC are not sufficient to remedy the deficiencies they previously identified.

### C. The Motion

In the Motion, Defendants ask the Court to dismiss all of Plaintiffs' claims, arguing that they have not alleged sufficient facts to meet the requirements of Rules 8, 10(b) and 12(b)(6) of the Federal Rules of Civil Procedure under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Motion at 1.

First, they argue that Plaintiffs' gender discrimination claims under FEHA and Title VII (Claims One and Five) should be dismissed because "each Plaintiff fails to allege facts suggesting that the decisions made with respect to their job assignments were made with any discriminatory motive or animus." *Id.* at 12. According to Defendants, "Judge Koh dismissed discrimination

1  claims where – like here – the plaintiff pled only the conclusion or assumption that employment
2  was terminated because of a protected classification without any supporting facts." *Id.* (citing
3  *Ryan v. Santa Clara Valley Transp. Auth.*, 2017 U.S. Dist. LEXIS 48315, at *37 (N.D. Cal. Mar.
4  30, 2017)).

In addition, Defendants contend, "Plaintiffs have not alleged that they suffered any legally cognizable adverse employment action because of their gender." *Id.* at 12 (citing *Grosz v. Lassen Cmty. Coll. Dist.*, 572 F. Supp. 2d 1199, 1215 (E.D. Cal. 2008), aff'd in part, rev'd in part, 360 F. App'x 795 (9th Cir. 2009)). Instead, they have only alleged that they "*prefer* job assignments other than where they have been placed[,]" Defendants assert. *Id.* at 13 (citing *Malais v. L. A. City Fire Dept.*, 150 Cal. App. 4th 350, 357-58 (2007); *Holmes v. Petrovich Development Co., LLC*, 191 Cal. App. 4th 1047, 1063 (2011)).

Second, Defendants contend the claims for age discrimination under FEHA and the ADEA asserted by Plaintiffs Knox, Piersig, Chandler and Henderson (Claims Two and Six) are inadequately alleged because Plaintiffs fail to plead facts that meet the elements of an age discrimination claim. *Id.* at 16-19.

Third, Defendants contend Plaintiffs' retaliation claims under FEHA and Title VII (Claims Four and Seven) fail because they have not alleged specific facts showing that the desire to retaliate was the but-for cause of any challenged employment action. *Id.* at 19-24. In particular, Defendants contend Plaintiffs' allegations are insufficient to show they engaged in protected activity or that that activity was causally related to any adverse employment actions. *Id.*

Fourth, Defendants argue that Plaintiffs' claim for failure to prevent discrimination (Claim Three) fails because it is "derivative of their failed discrimination claims." *Id.* at 24-25. Defendants further assert that the claim fails because Plaintiffs have not alleged facts showing Defendants were on notice of the alleged discrimination. *Id.* Defendants acknowledge that the SAC alleges that Defendants were aware of the discrimination because Henderson complained to "Ms. Becton and Ms. Johnson that 'more senior female representation was needed[.]' " *Id.* at 25 (citing SAC ¶¶ 161(i)(iii), 118(e)(ii)). They argue, however, that "mere statements seeking to increase diversity in leadership are insufficient to place Defendants on notice of a claim of

6

1  discrimination." *Id.*

Fifth, Defendants contend the Court should also dismiss Plaintiffs' request for a preliminary and permanent injunction because Plaintiffs have not demonstrated "the likelihood of substantial and irreparable injury and the inadequacy of remedies at law." *Id.* at 25-26.

Finally, Defendants contend the Doe defendants should be dismissed because the Federal Rules of Civil Procedure do not allow for Doe pleading. *Id.* at 26-27.

## III. ANALYSIS

### A. Legal Standard

#### 1. Rules 8(a) and 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

7

265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be " 'plausible on its face,' " meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### 2. Rule 10(b)

Rule 10(b) of the Federal Rules of Civil Procedure provides as follows:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

### B. Whether Plaintiffs' Claims are Adequately Alleged

As a preliminary matter, the Court notes that while Defendants continue to invoke Rule 10(b) in support of their motion, they do not specifically address why this rule is not satisfied by the amendments Plaintiffs made to the complaint. In contrast to the First Amended Complaint, the SAC includes specific factual allegations within the body of each claim identifying the conduct upon which the claim is based for each Plaintiff. The Court finds that this is sufficient to meet the requirements of Rule 10(b). Thus, the adequacy of the SAC turns on whether the claims meet the requirements of Rule 8 and Rule 12(b)(6). The Court finds that they do.

### 1. Gender Discrimination Claims (Claims One and Five)

To establish a prima facie case for discrimination under Title VII and FEHA, a plaintiff must show that: "(1) she is a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *see also Metoyer v. Chassman*, 504 F.3d 919,

8

941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA.").

An employment action is adverse if it materially affects the compensation, terms, conditions, or privileges of employment. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1126 (9th Cir. 2000). The Ninth Circuit "define[s] 'adverse employment action' broadly." *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004). "[A]n adverse employment action exists where an employer's action negatively affects its employee's compensation," *id.* (citing *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir.2002)), but a decrease in pay is not a prerequisite for demonstrating an adverse employment action. *See Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000) (citing *St. John v. Employment Development Dept.*, 642 F.2d 273, 274 (9th Cir. 1981) (holding that "a transfer to another job of the same pay and status" may be an adverse employment action). Rather, the Ninth Circuit has recognized that "[t]ransfers of job duties and undeserved performance ratings, if proven, would constitute 'adverse employment decisions [.]' " *Id.* (citing *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)). Likewise, denial of a promotion may qualify as an adverse employment action for purposes of establishing discrimination under Title VII. *See Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002).

Applying these standards, the Court finds that Plaintiffs have plausibly alleged the elements of their discrimination claims.

There is no dispute that Plaintiffs have adequately alleged that they are women and therefore members of a protected class. All of the individual plaintiffs have also included detailed allegations about their qualifications that are sufficient to raise a plausible inference that they are qualified for the positions from which they were demoted or for the promotions for which they allege they were passed over. *See* SAC ¶¶ 19-26 (Mary Knox); ¶¶ 27-37 (Rachel Piersig); ¶¶ 41-49 (Alison Chandler); ¶¶ 50-54 (Mary Blumberg); ¶¶ 55-57 (Jill Henderson).

Moreover, each of the plaintiffs has alleged facts giving rise to a plausible inference that she was subjected to at least one (and often more than one) adverse employment action on the

basis of her gender. These include the following allegations:[3]

Ms. Knox alleges that she was demoted from her position as supervisor of the Community Violence Reduction Union ("CVRU") to a position with lower pay that typically was held by attorneys with much less experience and that she was replaced by a man who was less experienced. SAC ¶¶ 20, 80(i), 161(xxv)(xi). She further alleges that when she sought to be promoted back to a "Level 5" position, the promotion was denied even while male district attorneys with less experience than Ms. Knox were granted such promotions. *Id.* ¶ 110(x). Ms. Piersig alleges she was passed over for promotions, which were given to less qualified men. *Id.* ¶¶ 28, 80(ii). Ms. Chandler alleges that she has been passed over for a supervisory role in favor of men with less experience and has been told that she is "too emotional" and "excitable." *Id.* ¶ 80(iii). Ms. Blumberg alleges that she was removed from a supervisory position that normally lasts two years and was denied promotions. *Id.* ¶ 137(xiii). Ms. Henderson alleges that her supervisory role was reduced and her unit was cut, and that she was denied promotions in favor of younger males who were less qualified than she was. *Id.* ¶¶ 80(v)

The allegations of discrimination in the SAC, whether considered individually or collectively as indicative of a pattern of discriminatory conduct on the part of the DA's Office, are more than sufficient to meet the pleading requirements of Rule 8(a) and 12(b)(6) with respect to Plaintiffs' gender discrimination claims.

**2. Age Discrimination Claims (Claims Two and Six)**

Plaintiffs Knox, Piersig, Chandler and Henderson assert claims of age discrimination under both FEHA and the ADEA. To make a prima facie case of age discrimination under FEHA and the ADEA, a plaintiff must plead facts demonstrating that the plaintiff (1) is over forty years old; (2) suffered an adverse employment action; (3) was qualified for the position; and (4) was replaced with a younger person with similar qualifications or under facts suggesting discrimination. *See Diaz v. Eagle Produce Ltd.*, 521 F.3d 1201, 1207-08 (9th Cir. 2008). All of the

---

[3] The Court does not list here each and every adverse employment action alleged in the SAC; rather, it only provides a non-exclusive list to show that as to each plaintiff, at least one adverse employment action is alleged.

10

Plaintiffs who assert this claim have plausibly alleged these elements.

First, the SAC includes allegations that Knox, Piersig, Chandler and Henderson are over 40 years old. SAC ¶ 93. Second, all of these Plaintiffs have alleged that they were subjected to adverse employment actions, as discussed above. Third, all of them have alleged that they were demoted or passed over for promotions in favor of younger male attorneys who were less qualified than they were. *See id.* No more is required at the pleading stage of the case. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012) (holding that age discrimination claim was plausibly alleged in a two page complaint that alleged that "(1) she was at least forty years old; (2) 'her performance was satisfactory or better' and that 'she received consistently good performance reviews' (3) she was discharged; and (4) her five younger comparators kept their jobs.")

### 3. Retaliation Claims (Claims Four and Seven)

Defendants' challenge to the retaliation claims also falls short. To assert a prima facie case of retaliation, a plaintiff must allege that: 1) they engaged in activity protected under Title VII; 2) they were subjected to an adverse employment action; and 3) a causal link exists between the protected activity and the adverse employment action. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). In the SAC, Plaintiffs allege that "Defendants retaliated against Plaintiffs because they complained about improper conduct and unlawful acts by persons, as described above and filed charges alleging such unlawful conduct with the Department of Fair Employment & Housing." SAC ¶¶ 118, 160. This general allegation is supported by numerous specific allegations describing the adverse employment actions they allege were taken against them in retaliation for engaging in protected activity. *See id.* The Court concludes that all of the plaintiffs have plausibly alleged that they were retaliated against for engaging in protected activity.

### 4. Failure to Prevent Discrimination (Claim Three)

Defendants ask the Court to dismiss Plaintiffs' claim for failure to prevent discrimination (Claim Three) on the same grounds they contend Plaintiffs' discrimination claims fail. For the reasons discussed above, the Court rejects Defendants' argument as to Claim Three.

11

### C. Whether the Request for Injunctive Relief Should be Dismissed

Plaintiffs' SAC seeks "[a] preliminary and permanent injunction ordering Defendants to immediately cease their discriminatory and illegal practices with regard to gender and age discrimination and retaliation and to take all reasonably necessary steps to ensure that such practices do not take place in the future[,]" and other declaratory relief in the Prayer for Relief. To have standing to assert an equitable relief claim, a plaintiff must show "the likelihood of substantial and irreparable injury and the inadequacy of remedies at law." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Given that Plaintiffs have alleged that they are still employed at the DA's Office and that there is a pattern of discriminatory conduct based on gender and age that is ongoing, the Court finds that the request for preliminary and injunctive relief is sufficiently alleged. Therefore, the Court rejects Defendants' argument that Plaintiffs' request for a preliminary and permanent injunction should be dismissed.

### D. Whether the Doe Defendants Should be Dismissed

The use of Doe defendants in federal courts is "generally disfavored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The *Gillespie* court noted that situations arise where it is appropriate to allow Doe defendants to be named, namely, "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id.* Courts generally apply that exception, however, only where the plaintiff has alleged some specific facts about the Doe defendant showing that the plaintiff should be permitted to conduct discovery to learn the identity of the individual. *See, e.g., Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1169 (E.D. Cal. 2019) (declining to dismiss Doe defendants in excessive force case where the complaint alleged that they were deputies who encountered the plaintiff on the day he was killed and/or policy makers responsible for the allegedly deficient training and supervision of the officers involved and this was all the information about the Doe defendants that the plaintiffs possessed before discovery). Here, in contrast, Plaintiffs have offered no specific facts that suggest the exception in *Gillespie* applies. Therefore, the Court dismisses the Doe defendants as to Plaintiffs'

federal claims (Claims Five, Six and Seven).

On the other hand, the Court finds persuasive Plaintiffs' assertion that under *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029 (E.D. Cal. 2015), they may assert their FEHA claims against Doe defendants without alleging specific facts about them. In that case, the court addressed whether the existence of Doe defendants in a FEHA action brought in federal court destroyed diversity jurisdiction. 147 F. Supp. 3d at 1032. The court relied on the Ninth Circuit's decision in *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 799 (9th Cir. 1986) to conclude that "the Ninth Circuit plainly held that California 'Doe' statutes are substantive law." *Id.* at 1035. The court further found that the plaintiffs' use of Doe pleadings in that case was "consistent with California state substantive law[,]" *id.* (citing Cal. Code Civ. Proc. § 474) and went on to address the implications of those defendants for diversity jurisdiction. It concluded that this depended on whether the Doe defendants were "wholly fictitious," that is, they were alleged so generally "as to give no clue as to their identity or relationship to the action" – in which case, they would be disregarded in conducting a diversity analysis until the plaintiffs sought to replace them with specific individuals – or instead, if the Doe pleadings were "specific enough as to suggest their identity, citizenship, or relationship to the action[,]" making it appropriate to take them into consideration when determining whether there was diversity jurisdiction. *Id.* at 1036 (citations). In *Gardiner*, the court found that because no details were alleged with respect to the Doe defendants, they did not destroy diversity jurisdiction. *Id.* at 1036. The court therefore denied the defendants' motion to dismiss on jurisdictional grounds, noting that the plaintiffs were "entitled to the benefit of the California 'Doe' statutes which allow the use of fictional defendants at this stage of the litigation." *Id.*

The undersigned agrees with the reasoning of *Gardiner*, which supports the conclusion that Plaintiffs are entitled to the benefit of California's laws governing Doe pleading. Those laws do not require that Plaintiffs allege specific facts indicating the relationship of the Doe defendants to their FEHA claims. Therefore, the Court denies Defendants' Motion as to the Doe defendants named on the FEHA claims.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED to the extent it seeks dismissal of the Doe defendants on the federal claims (Claims Five, Six and Seven). The Motion is DENIED in all other respects.

**IT IS SO ORDERED.**

Dated: May 20, 2021

JOSEPH C. SPERO
Chief Magistrate Judge