**Sarah Nichols**
*Managing Attorney*
O: (415) 710-9116
Sarah@NicholsLawyer.com

November 24, 2021

**VIA EMAIL ONLY**
The Honorable Joseph C. Spero
Chief Magistrate Judge
jcscrd@cand.uscourts.gov

Re:   *Mary Elizabeth Knox, et al., v. The County of Contra Costa and The Contra Costa County District Attorney's Office*; Civil Action No. 3:20-CV-01449-JCS

Dear Judge Spero,

Pursuant to Section E of the Court's Civil Standing Orders, the parties in the above-referenced action submit this Joint Letter setting forth their positions on a discovery dispute concerning numerous documents withheld by Defendants. The parties met and conferred via letter, and then by video conference on November 22, 2021 in effort to resolve these matters, but were unsuccessful.

**Plaintiffs' Position**

A.   <u>Mar. 9, 2020 Investigation Report Regarding Political Retaliation Against Plaintiff Knox</u>

Defendants are improperly withholding an investigative report dated March 9, 2020 related to Plaintiffs' claims in this civil action and are hiding behind broad, disingenuous claims of attorney-client privilege and work product doctrine that were asserted without the proper detail in their February 24, 2021 Privilege Log ("the Privilege Log") and do not comply with the Court's Civil Standing Order.

General Order No. 71, Part 2, Section (2)(l) provides that Defendants <u>must</u> produce to Plaintiff "Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff." The Report is also responsive to Interrogatories 2, 3, and Document Requests Nos. 1, 2, 5, and 37 served on Defendant, but Defendant continues to withhold information about the March 9, 2020 Investigation Report as well as the report itself and related notes, statements, audio recordings, and interviews.

While the complaint at issue in the March 9, 2020 Investigative Report concerns Plaintiff Mary Knox's complaint of political retaliation, it is relevant to the culture of the workplace and adverse employment actions taken against Ms. Knox during the time period relevant to this civil action. More importantly, most of the Plaintiffs and witnesses identified in this civil action were interviewed only once for both the March Report and the April Report on gender and age discrimination, the central issues in this civil action. Statements made by Plaintiffs and persons identified as witnesses in this civil action, as well as other aspects of the factual investigation, and their interpretation, are clearly relevant to this civil action.

To the extent Defendants could somehow establish that the entire contents of the Investigation Report were communications seeking and rendering legal advice or work product, Defendants have waived any claim of privilege they may have held because: (a) Defendant's Privilege Log described the privilege

www.NicholsLawyer.com

**San Francisco**
75 Broadway, Ste. 202
San Francisco, CA 94111
(415) 504-3095

4872-3464-4228.3 / 075478-1004

only as "Attorney Work Product; Attorney-Client Communication" which constitutes a waiver of any privilege pursuant to paragraph 15 of the Court's Civil Standing Order; (b) Defendants shared the results of the Investigation Report with a third-party to deny Ms. Knox's claims of retaliation thus, waiving any privilege they may have had regarding the Investigation Reports; (c) the April Investigation Report has been produced; and (d) there is no indication that the March Investigation Report is, in fact, privileged communications or work product because Attorney Eli Makus, the author of the Investigative Reports, was characterized as an independent outside attorney investigator by the County during the Merit Board proceedings and during the interviews in connection with the investigation, Mr. Makus stated that he was not retained to give advice or make recommendations. Thus, the March 9, 2020 Report must be produced.

B.  <u>Melissa Smith Complaint and Investigation</u>

Responsive documents regarding another employee of the District Attorney's Office, Melissa Smith, and the Investigation Report into her complaints of discrimination have not been produced by Defendants in response to Plaintiff's Document Requests Nos. 3, 4, 5, and 9 based on objections regarding relevance and proportionality. At minimum, the interview notes and recordings related to Plaintiff Jill Henderson and the Investigation Report are clearly responsive and discoverable not only as a statement by Plaintiff, but also as protected activity (*i.e.,* testifying in connection with an internal investigation) by a Plaintiff. On November 22, Defendants continued to withhold Plaintiff Henderson's statements, but refused to produce the remainder of the documents connected with the investigation into Smith's complaint, or identify the documents withheld in a privilege log. When Plaintiffs were able to obtain a copy of Smith's complaint from a third-party, they discovered it did contain complaints of gender and age discrimination contrary to Defendants' counsel's assurance that it did not, and their assurance that there were no complaints of gender or age discrimination from other employees that had not been disclosed. Plaintiffs now seek the Court's assistance in compelling production of the Investigation Report and any notes or recordings, including but not limited to notes and recordings of Plaintiff Jill Henderson's interview and guidance to ensure Defendants are not withholding additional responsive complaints or documents.

C.  <u>Comparator's Personnel Files</u>

After meeting and conferring regarding Document Request No. 19, which requests the complete personnel file for every person that was promoted to a level 5 Deputy District Attorney from 2017 to the present, and Defendants agreed to produce employment/promotion, performance evaluations, awards/recognitions, and discipline from certain comparators' personnel files (Walpole, O'Connell, Grassini, Gleason, and Bell) but refused to produce any requests for accommodation or leave, and refuse to identify the categories of documents that are being withheld from each file. To date these have not been produced and non-expert discovery closes at the end of November. While Plaintiffs are willing to make concessions in light of privacy concerns of these comparators, Defendants' stated defense concerning each Plaintiff's performance, demeanor, and use of leave puts the comparator's use of leave at issue in this case. During the meet and confer videoconference, Defendants objected to identifying the categories of documents being withheld from each file as burdensome but refused to provide Plaintiffs with even an estimate as to the size of the files at issue or other descriptive information to allow Plaintiffs to evaluate Defendants' objection.

Defendants also refused to produce any documents from Dan Cabral's personnel file, even though he was a level 5 during the relevant time period and was allowed to stay in this position even though he received numerous complaints, retaliated against those who complained and his experience and

performance was at a level dramatically below that of the Plaintiffs. As a result, Plaintiff's now seek the Court's assistance to obtain discoverable information from the personnel files of Plaintiffs' comparators, including Mr. Cabral.

D.   Defendants November 19, 2021 Privilege Log Fails to Include Required Details and Any Claim of Privilege or Protection Has Been Waived

Defendants failed to provide a privilege log with their discovery responses until asked to do so by Plaintiffs in their November 15 meet and confer letter. The Privilege Log produced by Defendants on November 19 failed to describe the nature of the communications that were not produced, the dates of the communications, or provide any information regarding steps taken to ensure confidentiality of each communication as required by Rule 26(b)(5) and the Court's Civil Standing Order. Thus, any claim of privilege or protection Defendants had has been waived, and Plaintiffs seek the Court's assistance in compelling Defendants to produce the documents identified in their belated non-compliant privilege log.

E.   Audio Recordings

Plaintiffs have sought several audio recordings of interviews and meetings from Defendants. After Plaintiffs served their November 15 meet and confer letter, Defendants produced audio recordings made in connection with the April 16, 2020 Investigation Report, but continue to withhold recordings of meetings that took place concerning the decision to promote Colleen Gleason. After the parties meet and conferred by letter and video conference, Defendants represented that the promotion meeting at issue was not recorded in an email dated November 22, 2021. However, two witnesses including Nancy Georgiou testified that the meeting was recorded. The discussion allegedly involved reasons why Defendant promoted certain Deputy District Attorneys and why the Defendant did not promote any of the Plaintiffs. Defendant has not produced this recording and Plaintiffs now seek the Court's assistance in compelling the production of this audio recording and disclosing the steps taken by Defendant to try and obtain this recording and the basis for its belief that the recording does not exist.

**Defendants' Position**

Defendants have been working diligently to respond to Plaintiffs' discovery requests. To date, Defendants have produced nearly 4,000 pages of documents and have compromised on a number of disputes. However, Defendants also have a number of outstanding concerns with respect to Plaintiffs' discovery responses, and thus the parties will be submitting a joint letter on those issues separately.

Investigation Reports

Contra Costa County retained an outside attorney, Eli Makus, to conduct two impartial investigations. Each investigation culminated in a confidential attorney-client privileged and attorney work product report. The first report concerned the investigation into Mary Knox's claim that she was retaliated against due to her political activity. The second report concerned the investigation into the age and gender discrimination claims involved in this lawsuit.

Both investigation reports are attorney-client privileged and attorney work product. *See, e.g., Walker v. Cty. of Contra Costa,* 227 F.R.D. 529, 534 (N.D. Cal. 2005) (attorney client privilege applied to investigation report where it was prepared by an attorney at the direction of the County's attorney with the intent of providing the County with legal advice regarding the merits of Plaintiffs claim); *City of Petaluma v. Superior Court*, 248 Cal. App. 4th 1023, 1032 (2016) (investigations conducted by outside

counsel are attorney-client privileged and attorney work product absent an express waiver). In an abundance of caution, the County identified both reports on its privilege log served in conjunction with Defendants' General Order #71 disclosures. This took place in February 2021.

On September 22, 2021, Plaintiffs served written discovery which sought the production of both investigation reports. In advance of the production date, the County notified Plaintiffs that it was considering production of the report on the gender and age discrimination claims. The County ultimately decided to waive the privilege and produce the report addressing the age and gender discrimination claims as these same claims are alleged in the pending suit. The County notified Plaintiffs of this decision and the report was timely produced. The County, however, did not waive the privilege of the report addressing Ms. Knox's political retaliation claims.

Despite Plaintiffs' conclusory assertions to the contrary, the report addressing political activity claims is not relevant as no such claims are alleged in the pending suit. Moreover, the County decided not to waive, and has done nothing to waive, the privileged and work product report addressing political activity retaliation claims. The letter (Exhibit A) from Jason Chan, who serves the office's human resources function, notifying the complainant (Plaintiff Mary Knox) of the results of the investigation follows EEOC guidance and is not a waiver per the "need to know" standard. The EEOC specifically describes an "Effective Investigative Process" as including the following: "Once all of the evidence is in, interviews are finalized, and credibility issues are resolved, management should make a determination as to whether harassment occurred. That determination could be made by the investigator, or by a management official who reviews the investigator's report. The parties should be informed of the determination." Enforcement Guidance, https://www.eeoc.gov/laws/guidance/enforcement-guidance-vicarious-liability-unlawful-harassment-supervisors (last accessed November 23, 2021). Mr. Chan's review of the report pursuant to the EEOC's guidance does not constitute a waiver of privilege under the "need to know" standard, which provides privilege shields communications between employees that need to know the content to perform their job. *See Garvey v. Hulu, LLC*, 2015 U.S. Dist. LEXIS 7042, *8-9 (N.D. Cal. June 9, 2015).

Likewise, Plaintiffs' argument that the report is discoverable because "most of the Plaintiffs and witnesses identified in this civil action were interviewed during the course of that Investigation and questioned about gender discrimination" further lacks merit. Defendants have produced all audio recordings of those interviews, and therefore Plaintiffs already possess this information.[1]

---

[1] Voluntary disclosure of the audio recordings does not waive privilege with respect to the report itself. *See e.g., Sky Angel U.S., LLC v. Discovery Commc'ns, LLC,* 885 F.3d 271 (4th Cir. 2018) (fact that client sought legal advice regarding the same topic as their witnesses testified to does not waive the privilege because the testimony was not itself privileged information); *Carhartt, Inc. v. Innovative Textiles, Inc*., 333 F.R.D. 113 (E.D. Mich. 2019) (deposition testimony did not waive the privilege where merely testified (in general terms) and did not disclose the content of any specific communications); *Vicinanzo v. Brunschwig & Fils, Inc*., 739 F. Supp. 891, 17 Fed. R. Serv. 3d 889 (S.D. N.Y. 1990) (statements by an entity's nonlegal personnel made in conclusory and nonrevealing terms concerning legal advice provided to the entity but disclosing none of the details of the entity's legal department's analysis nor any of the essential features of the advice provided was held not to constitute waiver); *Clark v. Buffalo Wire Works Co., Inc*., 190 F.R.D. 93 (W.D. N.Y. 1999) (former employee did not waive attorney-client privilege as to personal notes by testifying at a deposition regarding the matters that were also in the notes; while the notes were protected by the attorney-client privilege, the facts underlying the notes were discoverable); *U.S. v. Layton*, 90 F.R.D. 520 (N.D. Cal.1981) (a significant part of the communication must be disclosed before waiver occurs, and testimony as to facts observed or otherwise acquired will not constitute waiver).

The "[a]ttorney-client privilege is perhaps most sacred of all legally recognized privileges, and its preservation is essential to just and orderly operation of legal system." *U.S. v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). This Court should reject Plaintiffs' attempts to flout this privilege.

Melissa Smith Complaint

On November 23, 2021 at 11:35 a.m. Plaintiffs produced Ms. Smith's internal complaint and related documents. Defendants do not know how they got these documents, and still consider them private and not relevant, but as Plaintiffs now have the complaint, Defendants trust the issue is moot.

Comparators Personnel Files

Plaintiffs mischaracterize the concessions and objections made regarding their request for personnel files of certain third-party employees. The County agreed to produce performance-related documents of five individuals promoted to Level 5 District Attorney during the relevant time period. Defendants maintain their objection to Plaintiffs' request for Dan Cabral's personnel file because he was not promoted to a Level 5 Deputy District Attorney during the relevant time period, and therefore is not a relevant comparator. Plaintiffs, however, requested that the County review the entire personnel files of these employees and produce a log detailing every document withheld. The County objected that doing so would be burdensome and involve many hours and great cost, and instead suggested it would supplement its written responses to indicate which categories of information it would not be searching for—namely, sensitive medical and financial documents or basic HR-type documents that are not relevant or proportional. Defendants maintain requests for leave/accommodation are not relevant or proportional because there are no causes of action alleging denial of leave/failure to accommodate, and Defendants have not asserted leave as a defense or reason for any assignment or decision not to promote. Defendants believe this compromise balances the needs of the parties and third-parties' right to privacy.

Defendants' Privilege Log

Defendants' Privilege Log is sufficiently detailed. The only document withheld is the March 9, 2020 investigation report. The remaining items list documents produced with partial redactions to remove attorney-client communications. Nevertheless, Defendants agreed during meet and confer discussions on October 22 to revise the Privilege Log.

Audio Recordings

The County has confirmed for Plaintiffs that the meeting in question was not recorded. The County cannot produce a recording that never existed.

Jointly submitted by lead counsel for the parties.

| | |
|---|---|
| ___/s/ Sarah R. Nichols_____ | ___/s/ John C. Fish_____ |
| Sarah R. Nichols | John C. Fish |
| Counsel for Plaintiffs | Counsel for Defendants |