

Littler Mendelson P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104

November 30, 2021

VIA ECF

The Honorable Joseph C. Spero
Chief Magistrate Judge
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

RE: *Knox et al. v. Contra Costa County, et al.,* Case No. 3:20-CV-01449-JCS

Dear Judge Spero,

The parties hereby submit this letter brief to seek the Court's assistance in resolving discovery disputes involving Defendants the County of Contra Costa and the Contra Costa County District Attorney's Office's ("County" or "Defendants") interrogatories and requests for production of documents. Counsel for the parties met and conferred on November 22, 2021. Defendants will state its position on the issues, followed by Plaintiffs.

## DEFENDANTS' POSITION

### Initial Discovery Propounded and Meet and Confer Discussions

On August 27, 2021, the County served requests for production and interrogatories upon each named Plaintiff. Plaintiffs served non-complaint responses on September 27, 2021. Plaintiffs did not provide a substantive response to any of the County's Interrogatories[1] nor did Plaintiffs produce a single document with their responses to the County's Requests for Production. On October 18, 2021, Defendants sent Plaintiffs a meet and confer letter regarding their deficient discovery responses. On October 28, 2021, Plaintiffs responded to Defendants' letter stating they would stand on objections to some Requests and agreeing to meet and confer as to others. Plaintiffs served their supplemental responses and production between the dates of November 4 and November 10, 2021.

Late in the day on November 15, 2021, Plaintiffs sent the County a meet and confer letter, requesting the County supplement their responses and production within three days, by November 18, 2021. On November 18, 2021, the County sent a response to Plaintiffs' October 28, 2021 and November 15, 2021 meet and confer letters. The letter set forth the County's position on the parties' discovery disputes – both with respect to Defendants' discovery requests to Plaintiffs, and Plaintiffs' discovery requests to the County – and further proposed the parties discuss all of these matters at the videoconference scheduled the following Monday (November 22). The County

---

[1] With the exception of Interrogatories 1-3 which generally referred to Plaintiff's General Order 71 Production.

further served a supplemental production and written responses to Plaintiffs' discovery requests on November 19, 2021.

On Monday, November 22, 2021, the parties met and conferred via videoconference during which the County made several concessions in good faith and agreed to produce additional documents, above and beyond the thousands of pages already produced. When the parties turned to the County's issues with Plaintiffs' responses and production, Plaintiffs' counsels stated they were only prepared to discuss their own discovery demands and not the County's. In good faith, the County presented their issues/positions with respect to Defendants' discovery requests. Plaintiffs responded on some issues, and for others they proposed sending responses later the same day, via email. Defendants agreed with this plan. Upon concluding the videoconference, the parties also agreed that they would draft separate letters to the Court detailing their respective issues. Plaintiffs provided a draft of their letter brief but they did not—and have not—provided any further response to the County's discovery issues.

**Unresolved Disputes**

    A.  **Requests for Production Nos. 6-9**

Request Nos. 6-9 all seek documents in Plaintiffs' possession relating to Plaintiffs' employment with the County – i.e., policies, job duties, training materials, evaluations, etc. To date, Plaintiffs have not provided any legal support for withholding these clearly relevant documents nor have they offered any proposed limitation to narrow the scope. Whether documents are already in Defendants' possession is not a basis for proper objection. *Pangborn v. Los Angeles Cty. Deputy Sheriffs Lieutenant Baudino*, 2018 WL 6265055, at *4 (C.D. Cal. Sept. 27, 2018). However, Defendants are not asking Plaintiffs to reproduce documents it has already produced to them. Rather, Defendants request Plaintiffs produce all documents in their possession responsive to Requests Nos. 6-9 separate from what Defendants have produced to them.

    B.  **Interrogatory Nos. 8-9**

Interrogatory Nos. 8 and 9 seek the identity of Plaintiffs' healthcare providers from whom Plaintiffs sought treatment as a result of Defendants' conduct as alleged in Plaintiffs' complaint, as well as related dates of treatment. Each Plaintiff indicated that they are not withholding any responsive information and have no healthcare providers to disclose. However, at a minimum, Plaintiff Mary Blumberg should have information to disclose here. Plaintiffs' Complaint alleges that she was hospitalized with emergency surgery after the County's conduct exacerbated prior health conditions. Therefore, Defendants request at a minimum that Plaintiff Blumberg supplement her response to identify the healthcare provider(s) from whom she sought treatment related to her hospitalization alleged in the Complaint.

    C.  **Requests for Production Nos. 11, 19-23, and 25**

These requests are narrowly tailored to seek all non-privileged communications Plaintiffs have had with others concerning the allegations in Plaintiffs' complaint. Communications of the named Plaintiffs relating to the allegations in the Complaint are relevant and discoverable, and should be produced. *See Dukes v. Wal-Mart Stores, Inc.*, 2013 WL 1149754, at *4 (N.D. Cal. Mar. 19, 2013)

(ordering production of Plaintiffs' communications relating to allegations in their complaint). Plaintiffs assert that these are not relevant, but provide no legal support for their position. Accordingly, Defendant requests Plaintiffs produce all documents in their possession responsive to these requests.

In particular, Defendants request that Plaintiffs produce the text messages exchanged during Plaintiff Alison Chandler's work training presentation given to the attorneys in the office on October 11, 2021. Ms. Chandler testified in her deposition that text messages were exchanged with her co-Plaintiffs during the training presentation and that they were visible on the screen to all attendees, which included District Attorney Becton. The texts were sent using a group text alias that Plaintiffs Knox, Blumberg, Piersig, and Chandler have named the "Fab Four." As the County has explained to Plaintiffs, not only are these text messages responsive to Defendants' discovery requests, but they are also relevant to Plaintiffs' claims of ongoing discrimination and Defendants' defenses, as Defendants are aware that the messages expressly discussed District Attorney Becton in a derogatory manner, and are directly relevant to evaluating their work performance, judgment, professionalism, and leadership abilities, amongst other performance metrics. While some of the Plaintiffs testified they deleted the texts (an issue to be addressed separately) and claim not to recall what was stated, Plaintiffs' counsel has confirmed that at least some of the Plaintiffs have not deleted these texts messages. These texts should be produced. Alternatively, if each of the Plaintiffs deleted the texts, then Plaintiffs should identify their cell phone numbers and service providers so that the County may issue a subpoena(s) to recover these messages.

**PLAINTIFFS' POSITION**

Plaintiffs contend that this joint letter is premature because the parties have not adequately met and conferred on Defendants' discovery concerns. Rather, Defendants want to piggy-back on Plaintiffs' meet and confer concerning Defendants' deficient responses without giving Plaintiffs adequate time to evaluate and respond to Defendants' meet and confer letter. Defendants sent its meet and confer letter less than two business days before the scheduled in person meet and confer. Plaintiffs did not have enough time to analyze Defendants' request for additional information. And, Defendants did not request that their discovery issues be added to the already scheduled agenda.

Plaintiffs sent a meet and confer letter on November 15 identifying the deficiencies in Defendants' discovery responses. Then on November 16, Plaintiffs requested a meeting regarding the November 15 letter. On November 18, 2021, Defendants sent a meet and confer responding to the November 16 letter, and, for the first time, raising their own issues as to Plaintiffs' responses. At no time did Defendants request that Plaintiffs be ready to respond to the meet and confer letter, prior to the 8 am, Monday morning meeting. At the meeting, Plaintiffs informed Defendants that they had not had an opportunity to properly respond to Defendants' letter and thus were not prepared to meet and confer on it. Despite it being a short work week due to the holiday, Plaintiffs offered to make themselves available to reconvene and properly meet and confer on Defendants' meet and confer letter. However, Defendants declined and instead went ahead with this letter brief. Thus, Plaintiffs are forced to respond here without the benefit of a proper meeting on the issues.

     **A.**    **Requests for Production Nos. 6-9**

These four requests essentially require the Plaintiffs to produce their personnel files. The documents requested are: evaluations, job descriptions, policy and procedures manual, any other manuals, job duties and responsibilities, employment related trainings, salary or wages, assignment to positions, and any other employment related matters. Plaintiffs objected that the information was in Defendants' control and possession, but that Plaintiffs were willing to meet and confer regarding the request. Defendants previously provided Plaintiffs' personnel files in discovery. To the extent that Defendants are demanding that Plaintiffs produce to Defendants what Defendants have already produced to Plaintiffs, then Plaintiffs' object on the grounds that the request is oppressive, burdensome and not designed to do anything other than make work for Plaintiffs' counsel. Defendants have not identified a specific category of documents not contained and not yet produced. Without more, Defendants are improperly putting the burden on Plaintiffs to produce documents already in Defendants' possession and control.

### B. Interrogatory Nos. 8-9

Plaintiffs are claiming garden variety emotional distress. Defendants have not identified a compelling reason why they are entitled to Plaintiffs' medical records. Defendants should not be permitted to go on a fishing expedition of Plaintiffs' medical files without articulating a compelling need. A health issue Ms. Blumberg experienced was referenced in the complaint. However, the issue concerned Defendants' failure to grant Ms. Blumberg's request for assistance and the fact that Ms. Becton refused to assign a murder trial to a capable Ms. Knox and instead assigned it to a junior male prosecutor. Ms. Blumberg did not assert that Defendants caused the health issue but rather that Defendants denied Ms. Blumberg's requests for accommodation once they were made aware of the health issue. Defendants conflate the nature of the health issue with their poor handling of Ms. Blumberg's return to work. Without more, they are not entitled to root through her medical records.

### C. Requests for Production Nos. 11, 19-23, and 25

Plaintiffs have each worked for Defendants for over 15 years and, as to Ms. Knox, for over 34 years. Defendants request for communications with any current or former employee concerning the allegations or with personal knowledge of the allegations, are over broad, and the time, scope, and expense of identifying such documents outweighs the benefit. Plaintiffs offered to meet and confer to narrow the scope to determine what Defendants are seeking.

Additionally, Defendants possess all the documents sought by Request 21 (communications with any supervisor or manager). The request is not limited to either time or subject matter. As such the request is over broad and enormously burdensome.

Request 25, it is merely a catch-all request that does not describe with reasonable particularity the category of items it seeks. If Defendants have a particular category of documents it seeks, then it should describe those documents but without more, Plaintiffs have no way of searching for responsive documents.

Finally, Defendants have not articulated a compelling reason why they are entitled to the specific text message they are requesting. Those texts were sent on Plaintiffs' personal cell phones. The text message appeared on a personal iPad that Ms. Chandler was forced to use to conduct a

The Honorable Joseph C. Spero
Page 5 of 5

presentation since Defendants do not issue the equipment employees need forcing employees to use personal equipment instead. Defendants have not articulated how these texts are related to Plaintiffs ongoing claims of retaliation and discrimination. The request is merely an attempt to embarrass and harass Plaintiffs.

Jointly submitted by lead counsel for the parties.

| /s/ *Sarah R. Nichols* | /s/ *John C. Fish* |
|---|---|
| Sarah R. Nichols<br>Counsel for Plaintiffs | John C. Fish<br>Counsel for Defendants |