| | |
|---|---|
| 1 | JOHN C. FISH, Jr., Bar No. 160620 |
| | jfish@littler.com |
| 2 | BLAIR C. SENESI, Bar No. 313580 |
| | bsenesi@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
| | 333 Bush Street |
| 4 | 34th Floor |
| | San Francisco, California 94104 |
| 5 | Telephone:  415.433.1940 |
| | Facsimile:   415.399.8490 |
| 6 | |
| 7 | Attorneys for Defendants |
| | COUNTY OF CONTRA COSTA and |
| | CONTRA COSTA COUNTY OFFICE OF THE |
| 8 | DISTRICT ATTORNEY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY ELIZABETH KNOX; RACHEL PIERSIG; ALISON CHANDLER; MARY BLUMBERG; JILL HENDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF CONTRA COSTA; THE CONTRA COSTA COUNTY DISTRICT ATTORNEY'S OFFICE; and does 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-01449-JCS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT DR. PETER GLICK**<br><br>Date:        May 6, 2022<br>Time:        9:30 a.m.<br>Judge:       Hon. Joseph C. Spero<br>Courtroom: F, 15th Floor (Via Zoom) |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK

Case No. 3:20-CV-01449-JCS

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON May 6, 2022 at 9:30 a.m. via Zoom in Courtroom F – 15th Floor of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants County of Contra Costa and Contra Costa District Attorney's Office (collectively "Defendants") will and hereby do move for an order pursuant to Federal Rules of Evidence, Rules 403 and 702 excluding the testimony and report of Plaintiff's retained expert Dr. Peter Glick.

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration of John Fish, the complete files and records in this action, any reply papers Defendants may file, and such argument as may be presented to the Court in conjunction with the hearing on this Motion.

DATED: March 17, 2022

/s/ *John C. Fish, Jr.*
JOHN C. FISH, Jr.
BLAIR C. SENESI
LITTLER MENDELSON, P.C.

Attorneys for Defendants
COUNTY OF CONTRA COSTA and
CONTRA COSTA COUNTY OFFICE OF
THE DISTRICT ATTORNEY

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK — 1. — Case No. 3:20-CV-01449-JCS

## **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................. 5

II.    DR. GLICK'S REPORT AND TESTIMONY ................................................................. 6

III.   ARGUMENT .................................................................................................................... 7

    A.    Legal Framework For Admissibility Of Expert Testimony ................................. 7

    B.    Dr. Glick's Testimony Is Not Based On Sufficient Facts Or Data ...................... 8

    C.    Dr. Glick Failed To Rule Out Alternative Explanations ................................... 10

    D.    Dr. Glick's Opinions Will Lead To Prejudice And Confuse The Jury .............. 11

IV.   CONCLUSION ............................................................................................................... 13

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK    2.    Case No. 3:20-CV-01449-JCS

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Black v. Food Lion, Inc.*,
  171 F.3d 308 (5th Cir. 1999) .................................................................................................10

*Childers v. Trustees of the Univ. of Pa.*,
  2016 WL 1086669 (E.D. Pa. Mar. 21, 2016) .........................................................................8

*Claar v. Burlington N. R.R. Co.*,
  29 F.3d 499 (9th Cir. 1994) ...................................................................................................10

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ..................................................................................................5, 7, 8, 10

*E.E.O.C. v. Bloomberg*,
  2010 WL 3466370 (S.D.N.Y Aug. 21, 2010) ........................................................................8

*E.E.O.C. v. Wal-Mart Stores, Inc.*,
  2010 WL 583681 (E.D. Ky. Feb. 16, 2010) .........................................................................12

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ...................................................................................................8

*Jones v. Nat'l Council of Young Men's Christian Ass'ns of the U.S.A.*,
  34 F. Supp. 3d 896 (N.D. Ill. 2014) ................................................................................12, 13

*Karlo v. Pittsburgh Glass Works, LLC*,
  2015 WL 4232600 (W.D. Pa. July 13, 2015) .......................................................................10

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) ...............................................................................................................10

*Lust v. Merrell Dow Pharm., Inc.*,
  89 F.3d 594 (9th Cir. 1996) .....................................................................................................8

*Mullenix v. The Univ. of Tex. at Austin*,
  2021 WL 4304815 (W.D. Tex. Sept. 21, 2021) .........................................................6, 8, 9, 12

*Munoz v. Orr*,
  200 F.3d 291 (5th Cir. 2000) .................................................................................................11

*Nikolova v. The Univ. of Tex. at Austin*,
  2022 WL 443783 (W.D. Tex. Feb. 14, 2022) ............................................................6, 8, 9, 12

*Tagatz v. Marquette Univ.*,
  861 F.2d 1040 (7th Cir. 1988) ...............................................................................................11

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK      3.      Case No. 3:20-CV-01449-JCS

<span>
<span>
</span>
</span>

*Wal-Mart Stores, Inc. v. Dukes*,
 564 U.S. 338 (2011) ............................................................................................................. 5, 10

*White v. BNSF Ry. Co.*,
 726 F. App'x 603 (9th Cir. 2018) ..................................................................................... 6, 8, 12

**Other Authorities**

Federal Rule of Evidence 403 .................................................................................................. 1, 11

Federal Rule of Evidence 702 ............................................................................... 1, 5, 6, 7, 8, 10

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK    4.    Case No. 3:20-CV-01449-JCS

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

## I.     INTRODUCTION

Plaintiffs Mary Knox, Rachel Piersig, Alison Chandler, Mary Blumberg, and Jill Henderson (collectively, "Plaintiffs") allege that, *inter alia*, by denying their promotion to an executive management role and assigning them to units within the District Attorney's Office they did not prefer, Defendants Contra Costa County and the Contra Costa County District Attorney's Office (collectively "Defendants" or "the County") discriminated and retaliated against them because of their age and gender. To support their claims, Plaintiffs designated Dr. Peter Glick, a social science researcher, as an expert to provide information on stereotyping, bias, and discrimination in the workplace.

Dr. Glick's opinions and testimony should be excluded because they fail to satisfy the standards for admissibility set forth in *Daubert v. Merrell Dow Pharms., Inc.*[1] and codified in Federal Rule of Evidence 702. First, Dr. Glick's testimony is not based on sufficient facts or data, as his report relies solely on selected documents and information provided by Plaintiffs, rather than relying on representative data and information relevant to his opinions. Indeed, Dr. Glick acknowledges that he did not review the County's policies or conduct any independent assessment of the County's promotion and demographic data in this case. Second, Dr. Glick has not engaged in any analysis of the application of his principles and methods to the facts of this case, and has failed to rule out other possible non-discriminatory reasons for Plaintiffs' job assignments. Third, Dr. Glick's opinions regarding stereotyping and bias in society can only lead to prejudice and jury confusion, and they will not assist the trier of fact in determining whether Defendants intentionally discriminated against Plaintiffs because of their age or gender.

Numerous courts have excluded this type of "social framework" testimony, and the Supreme Court recognized it could "safely disregard" such testimony as unhelpful in deciding discrimination cases. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 355 n.8 (2011) (citing John Monahan et al., *Contextual Evidence of Gender Discrimination: The Ascendance of "Social*

---

[1] 509 U.S. 579, 592-93 (1993) (requiring for admissibility that evidence be both reliable—meaning "the reasoning or methodology underlying the testimony is scientifically valid"—and relevant—meaning "that reasoning or methodology can be properly applied to the facts in issue").

*Frameworks,"* 94 VA. L. REV. 1715 (2008)); *see also White v. BNSF Ry. Co.*, 726 F. App'x 603 (9th Cir. 2018) (affirming district court's exclusion of expert witness regarding implicit bias, as there was no showing of how the testimony would be helpful to a jury in a disparate treatment case requiring evidence of intentional discrimination). Moreover, Dr. Glick's testimony in this case is similar to his testimony that was recently excluded in two other pending federal cases— *Mullenix v. The Univ. of Tex. at Austin*, 2021 WL 4304815, at *1 (W.D. Tex. Sept. 21, 2021) and *Nikolova v. The Univ. of Tex. at Austin,* 2022 WL 443783, at *1 (W.D. Tex. Feb. 14, 2022). As here, Dr. Glick's opinions and testimony in *Mullenix* and *Nikolova* relied solely on select information provided by the plaintiffs and failed to assist the trier of fact in determining whether the plaintiffs were subject to discrimination. For these reasons, and others, the courts in *Mullenix* and *Nikolova* excluded Dr. Glick's opinions and testimony under Rule 702. This Court should likewise exclude Dr. Glick's opinions and testimony.

## II.    DR. GLICK'S REPORT AND TESTIMONY

Plaintiffs produced Dr. Glick's expert report on January 20, 2021, and Dr. Glick appeared for deposition on February 10, 2022. Dr. Glick describes his report as follows:

> This report provides "social framework" testimony that informs case decision makers about empirically validated principles revealing when and how stereotypes and bias can lead to workplace discrimination toward women. Social psychological and organizational research provides a scientific knowledge base illuminating the forms stereotyping and discrimination take, the circumstances that elicit stereotyping and bias, and their relation to discriminatory behavior. This information can substantially supplement decision-makers' knowledge, going beyond common assumptions about how stereotypes and biases operate. The current report aims to inform the case decision-makers about general, scientifically validated principles that may aid them in evaluating the case at hand. This report reviews relevant principles established with scientific certainty through empirical research using standard scientific methodologies.

(Declaration of John Fish, Exh. A ("Glick Report") at 6.) Dr. Glick frames his opinions as presenting propositions that have been established with "scientific certainty" (*Id.* at 6, 7, 60), yet this term is misleading because it does not make clear that often the body of evidence bearing on the stated propositions is mixed, extremely limited at best, and/or generated under conditions that bear little resemblance to the facts of this case. Dr. Glick's report and deposition testimony recognize that research shows that stereotyping, bias, and discrimination (as he defines them) "represent complex

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK    6.    Case No. 3:20-CV-01449-JCS

processes that depend on situational context, organizational climate and practices, individual attitudes, and other factors." (*Id.* at 9; Declaration of John Fish, Exh. B ("Glick Depo.") at 41:15-43:6.) However, despite the importance of situational context, Dr. Glick fails to take this complexity seriously, often portraying the research findings as stronger, more uniform, or less contingent than they really are. Indeed, Dr. Glick admits that he did not conduct any analysis to determine whether the cited studies forming the basis of his opinions were conducted in similar situational contexts as the current case and wholly fails to acknowledge the significant role of personalization and individuating information in reducing the risk of discrimination, given its importance as a debiasing factor. (Glick Depo. at 28:8-15; 41:15-43:6.) Plaintiffs are long-term employees of the County for whom considerable job performance and other personalized information was available to decisionmakers, but Dr. Glick did not review or even acknowledge this in his report.

In addition, Dr. Glick admits that he cannot determine with any scientific certainty whether discrimination occurred in this case or judge the credibility of evidence or witnesses. (*Id.* 28:8-15; 33:19-34:23; 66:5-20.) In fact, Dr. Glick admits that his analysis of the social science research to this case has not been (and *cannot be*) tested in a scientific manner. And unlike the research studies in his field or in scientific journals, his report makes no attempt to rule out any alternative, non-discriminatory explanations for the employment decisions in this case. (*Id.*) In sum, Dr. Glick provides no scientific basis to conclude that anyone in this case engaged in intentional discrimination against Plaintiffs actionable under the FEHA or Title VII, or even that the evidence in this case is consistent with discrimination, and therefore his testimony should be excluded.

## III.   ARGUMENT

### A.   Legal Framework For Admissibility Of Expert Testimony

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993), the Supreme Court held that trial judges must ensure that scientific testimony or evidence is not only relevant, but also reliable. The proponent of expert testimony therefore bears the burden of establishing that the testimony is reliable, relevant, and from a qualified expert. When considering expert testimony, the trial court serves "as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK    7.    Case No. 3:20-CV-01449-JCS

Evidence 702's reliability standards." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 982 (9th Cir. 2011).

Under Rule 702, an expert witness may provide opinion testimony only if the proponent demonstrates: (1) [T]he expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702; *see also Lust v. Merrell Dow Pharm., Inc.,* 89 F.3d 594, 598 (9th Cir. 1996).

The overarching focus of a *Daubert* inquiry is the "validity and thus evidentiary relevance and reliability—of the principles that underlie a proposed submission." In evaluating expert testimony, the Court "must make 'a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue.'" *Daubert,* 509 U.S. at 592-93. In other words, expert testimony can be found reliable only if it is "supported by appropriate validation" and "establishes a standard of evidentiary reliability." *Id.*

### B. Dr. Glick's Testimony Is Not Based On Sufficient Facts Or Data

Rule 702 requires that expert opinions be "based on sufficient facts or data," and expert testimony based on unrepresentative data is not reliable. Courts have excluded social framework testimony as unreliable where the expert has relied on select data and information chosen by the plaintiff, recognizing that "[r]elying on the information fed to [the expert by the plaintiff] without independently verifying whether the information is representative undermines the reliability of [the expert's] analysis." *E.E.O.C. v. Bloomberg,* 2010 WL 3466370, at *14 (S.D.N.Y Aug. 21, 2010); *see also White v. BNSF Ry. Co.,* 726 F. App'x 603, 604 (9th Cir. 2018) ("report was not based on a significant review of the facts" and this "deficiency was an appropriate ground to exclude the expert"); *Childers v. Trustees of the Univ. of Pa.*, 2016 WL 1086669, at *6 (E.D. Pa. Mar. 21, 2016) ("methodology of sifting through evidence to find passages that support the Plaintiff's theory of the case does not meet Rule 702's requirement of reliability"). Indeed, just a few months ago, the courts in *Mullenix* and *Nikolova* found Dr. Glick's expert report "not reliable because it was based on

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK

8.

Case No. 3:20-CV-01449-JCS

unrepresentative data" because Dr. Glick had relied solely on "selected documents provided to him by Plaintiff" and had failed to "review UT Law's policies or practices regarding sex discrimination, harassment, and grievances." *Mullenix*, 2021 WL 4304815, at *6-7; *Nikolova v*, 2022 WL 443783, at *7 ("Glick's expert report is not reliable because it was based on unrepresentative data").

The same holds true in this case. By his own admission, Dr. Glick's opinions are based on selected documents provided to him by Plaintiffs' counsel. (Glick Depo. at 17:22-18:6.) Dr. Glick failed to verify whether such information was representative of the data in this case and did not review any information outside of Plaintiffs' Amended Complaint, selected performance evaluations for Plaintiff Mary Knox, and two emails concerning Plaintiff Alison Chandler.[2] Dr. Glick did not review any deposition testimony taken in this case, nor did he review any of the County's policies, procedures, or data regarding any of the demographics, rotations, or promotions made during the relevant time period. (Glick Depo. at 18:22-25; 21:22-22:5; 46:18-49:6.) At deposition, it became immediately clear that Dr. Glick knew nothing of the specific facts of this case. For example, he testified as follows:

> Q. Do you know why plaintiff Mary Knox was demoted from level 5 to level 4?
> A. I do not know.
> Q. Do you know who was involved in the decision?
> A. No, I do not.
> . . .
> Q. Do you know why plaintiff Mary Knox was assigned to the felony filer assignment?
> A. No, not directly, no.
> Q. Do you know who was involved in the decision?
> A. No, I do not.
> . . .
> Q. Did you review any of the county's policies?
> A. No. Unless it's on the list I did not review it.
> Q. Did you do any kind of study as to whether the county's following its policies?
> A. No. I didn't do a study on the county. That would be prohibitively costly for plaintiffs and very difficult to accomplish.
> Q. Do you know why Mary Blumberg was switched from misdemeanor trial team supervisor to homicide unit?
> A. I have no direct knowledge of why she was switched.
> …
> Q. Do you know D.A. Becton's age?
> A. No, I do not.

---

[2] While Glick's report listed the Confidential Investigation Report as one of the documents reviewed, in deposition Glick admitted he did not review it. (Glick Depo. at 145:6-23)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK    9.    Case No. 3:20-CV-01449-JCS

> Q. Do you know the ages of the supervisors who made decisions regarding the plaintiffs?
> A. No, I do not.

(Glick Depo. at 19:19-20:1; 22:16-23:2; 110:18-22.)

By reviewing only information hand-selected by Plaintiffs' attorneys without any independent verification or further analysis, Dr. Glick has failed to employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" that is required for admissible expert testimony. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999); *see also* Monahan et al., at 1719 (criticizing expert in *Wal-Mart v. Dukes*, who "simply reviewed the litigation record in light of his understanding of what social science research shows about stereotyping," without conducting any independent analysis, verification, or studies); *Karlo v. Pittsburgh Glass Works, LLC*, No. 2:10-CV-1283, 2015 WL 4232600, at *7 (W.D. Pa. July 13, 2015) (excluding social framework expert where the expert failed to perform an independent, objective analysis to determine if implicit bias played a role when terminating the plaintiffs, and did not visit the defendant's workplace, speak with any employees, or interview the managers involved). Accordingly, Dr. Glick's report should be excluded on this basis.

### C. Dr. Glick Failed To Rule Out Alternative Explanations

Dr. Glick's opinions should also be excluded as unreliable because he failed to consider and eliminate other possible reasons that Plaintiffs' promotions were denied. Dr. Glick admitted in deposition that he cannot rule out other possible non-discriminatory reasons for Plaintiffs' job assignments. (Glick Depo. at 33:19-34:11 ("I can't scientifically, in the specific case, rule out alternative explanations because I don't have a study in this specific case.").) Courts regularly exclude expert testimony as unreliable for failure to consider and exclude other causes. *Claar v. Burlington N. R.R. Co.,* 29 F.3d 499, 502 (9th Cir. 1994) (A methodology may not be reliable if an expert "fail[s] to address and exclude alternative explanations for the data on which he bases his findings" or "reject[s] studies reporting contrary empirical findings."); *see also Black v. Food Lion, Inc.*, 171 F.3d 308, 313-14 (5th Cir. 1999) (reversing the trial court's admission of an expert, because he engaged in post-hoc reasoning when establishing a cause of injury without eliminating other possibilities); Fed. R. Evid. 702 Advisory Committee's Note to 2000 Amendment ("Courts both before and after *Daubert* have

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK    10.    Case No. 3:20-CV-01449-JCS

found other factors relevant in determining whether expert testimony is sufficiently reliable to be considered by the trier of fact. These factors include: . . . (3) Whether the expert has adequately accounted for obvious alternative explanations.").

Courts have also found expert opinions regarding bias and discrimination unreliable where the expert fails to consider other variables such as education and experience as explanations for employment decisions. *See Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000) (affirming exclusion of expert witness where "he admitted to failing to consider other variables such as education and experience as explanations for any observed discrepancy between promotion rates and to not performing a multiple regression analysis"); *see also Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1045 (7th Cir. 1988) (holding that failure to control for other explanatory variables makes an expert's table "essentially worthless").

While a social framework analysis is meant to be objective, simply knowing that someone is aware of or endorses a stereotype is not a reliable predictor of how that person will behave toward members of that group. (Declaration of John Fish, Exh. C ("Mitchell Report"), at ¶ 25.) One reason for this is because the risk of bias decreases when decision-makers are accountable for making fair decisions. (*Id.* at ¶ 27.) In addition, Dr. Glick's report fails to discuss perhaps the most important debiasing factor of all: having knowledge about the real skills, abilities, interests, and work habits of an employee, either through prior experiences with the employee or through other sources of "individuating information" about this person such as co-workers and supervisors and formal and informal evaluations or reviews of the employee's work product and work records. (*Id.*) Critically, Dr. Glick fails to acknowledge these debiasing factors and therefore fails to take into account the fact that many people, in many situations, do not exhibit the behaviors implied by his propositions, and therefore his testimony should be excluded.

**D.  Dr. Glick's Opinions Will Lead To Prejudice And Confuse The Jury**

Even if Dr. Glick's testimony were reliable and relevant, it should nevertheless be excluded under Federal Rule of Evidence 403, because any probative value is outweighed by the risk of unfair prejudice and confusion to the jury. In particular, expert testimony about implicit bias and unintentional discrimination is not helpful to a jury that has to decide whether a plaintiff was subject

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK    11.    Case No. 3:20-CV-01449-JCS

to intentional discrimination prohibited by the FEHA or Title VII. *See White v. BNSF Ry. Co.*, 726 F. App'x 603 (9th Cir. 2018) (affirming district court's exclusion of expert witness regarding implicit bias, as there was no showing of how the testimony would be helpful to a jury in a disparate treatment case requiring evidence of intentional discrimination); *E.E.O.C. v. Wal-Mart Stores, Inc.*, No. 6:01-CV-339-KKC, 2010 WL 583681, at *4 (E.D. Ky. Feb. 16, 2010) (finding testimony more prejudicial than probative where expert opined that gender stereotyping may be subconscious but identified no intentional act by defendant based on gender stereotyping); *Jones v. Nat'l Council of Young Men's Christian Ass'ns of the U.S.A.,* 34 F. Supp. 3d 896, 901 (N.D. Ill. 2014) (excluding social framework expert testimony because plaintiffs presented intentional discrimination claims, but the expert's opinions spoke "to the question of implicit, or hidden, bias – not intentional acts," and the testimony was therefore not "of assistance to the factfinder").

Courts (including the courts in *Mullenix* and *Nikolova*) have repeatedly cited the risk of prejudice and jury confusion as reasons for excluding social framework testimony like Dr. Glick's that offer opinions about the potential impact of implicit bias in cases requiring evidence of intentional discrimination. *Mullenix*, 2021 WL 4304815, at *7; *Nikolova,* 2022 WL 443783, at *8; *White*, 726 F. App'x at 603; *E.E.O.C.*, 2010 WL 583681, at *4. As the court in *Mullenix* recognized, "[b]ecause the majority of Dr. Glick's expert report focuses on gender stereotyping and bias throughout society, the jury may assume that such stereotyping and bias existed at UT Law. The burden is on the Plaintiff to prove that she was discriminated against because of her sex, not just that gender stereotyping or bias exists throughout society." *Mullenix*, 2021 WL 4304815, at *7.

Likewise, in *White*, the plaintiff sought to offer evidence from an "expert witness on implicit bias" but the District Court excluded the evidence. *White*, 726 F. App'x at 604. In affirming, the Ninth Circuit observed that "White never explained how testimony regarding implicit bias would be helpful to the jury in a disparate treatment case requiring evidence of intentional discrimination." *Id*. (emphasis added).

Other courts have found that behind the theory of "implicit bias" is the erroneous proposition that individuals are discriminatory by default. In *Jones v. National Council of Young Men's Christian Associations*, the court rejected "implicit bias" testimony in a race discrimination suit

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK    12.    Case No. 3:20-CV-01449-JCS

even if introduced as a "general principle." 34 F. Supp. 3d 896, 900 (N.D. Ill. 2014). The court found that an expert's opinions that discrimination is "implicit" suggests that any action taken against any African American is always based on discrimination unless defendant can provide evidence otherwise. *Id*. The expert provided no evidence, however, that any of the specific parties in the case acted with such implicit bias. The court found that this testimony fell "far short of providing a reliable basis to support an opinion" that implicit bias played any role in the specific facts of the case. *Id*.

The same reasoning applies equally here. Dr. Glick admits that his testimony and opinions about bias and discrimination include unconscious or implicit bias, as well as unintentional discrimination. Dr. Glick's opinions, therefore, have no relevance to the ultimate issue of whether Defendants intentionally discriminated against Plaintiffs because of their gender or age. Such opinions will only lead to prejudice and jury confusion, and should therefore be excluded.

## IV. CONCLUSION

The Court should exclude Dr. Glick's opinions and testimony because they do not satisfy the requirements for expert testimony set forth in the Federal Rules of Evidence.

DATED: March 17, 2022

/s/ *John C. Fish, Jr.*
JOHN C. FISH, Jr.
BLAIR C. SENESI
LITTLER MENDELSON, P.C.

Attorneys for Defendants
COUNTY OF CONTRA COSTA and
CONTRA COSTA COUNTY OFFICE OF
THE DISTRICT ATTORNEY

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK                    13.                    Case No. 3:20-CV-01449-JCS

4857-0970-3696.2 / 075478-1004

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MOTION TO EXCLUDE EXPERT DR. PETER GLICK    14.    Case No. 3:20-CV-01449-JCS