Sarah R. Nichols (SBN 233099)
Meeta Dama (SBN 250277)
**NICHOLS LAW, P.C.**
75 Broadway, Ste. 202
San Francisco California 94111
Telephone: (415) 710-9116
Email: sarah@nicholslawyer.com

David S. Ratner (SBN 316267)
Shelley A. Molineaux (SBN 277884)
**RATNER MOLINEAUX, LLP**
1990 N. California Blvd., Suite 20
Walnut Creek, CA 94596
Telephone: (925) 239-0899
Email: david@ratnermolineaux.com
shelley@ratnermolineaux.com

Attorneys for Plaintiffs
MARY ELIZABETH KNOX; RACHEL PIERSIG; ALISON CHANDLER; MARY BLUMBERG; JILL HENDERSON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY ELIZABETH KNOX; RACHEL PIERSIG; ALISON CHANDLER; MARY BLUMBERG; JILL HENDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF CONTRA COSTA; THE CONTRA COSTA COUNTY DISTRICT ATTORNEY'S OFFICE; and does 1 through 10, inclusive.<br><br>Defendants. | Case No.: 3:20-cv-01449-JCS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER**<br><br>Date: May 6, 2022<br>Time: 9:30 a.m.<br>Judge: Hon. Joseph C. Spero<br>Courtroom: F – Floor 15<br>Location: 450 Golden Gate Avenue<br>San Francisco, CA 94102 |

**MOTION FOR SANCTIONS**
*Knox, et. al v. County of Contra Costa et. al.*

Shelley A. Molineaux, Esq.

1

# NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON May 6, 2022, at 9:30 a.m. via Zoom in Courtroom F - 15th Floor of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Mary Elizabeth Knox, Rachel Piersig, Alison Chandler, Mary Blumberg, and Jill Henderson will and hereby do move pursuant to Local Rule 7-8 for sanctions against Defendants and their counsel for mass, indiscriminate, and routinized designations of documents in violation of the Protected Order in this case and an order de-designating all documents designated as Confidential pursuant to the Protective Order by Defendants.

Dated: April 1, 2022                By: _____/s/_____
                                        David S. Ratner
                                        Shelley A. Molineaux
                                        Ratner Molineaux, LLP
                                        Attorney for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendants did not exercise restraint in designating documents Confidential pursuant to the Protective Order. Rather, Defendants engaged in mass, indiscriminate and routinized designations in violation of the Protective Order, Defendants should be sanctioned. (Dckt # 71(5.1). Defendants designated every witnesses' entire transcript Confidential including each Plaintiffs' testimony. (Declaration of Shelley Molineaux, Exhibits A-O). Defendants' counsel designated each transcript at the start of every deposition, usually before hearing one word of testimony, the definition of an indiscriminate and routinized designation scheme. *Id.*

**II.   LEGAL AUTHORITY**

"A party's confidentiality designations must be reasonably and narrowly tailored to protect the confidential information the party seeks to shield from further disclosure. In other words, an "across-the-board" designation is improper, even if some confidential information may be found within the broader designation. As several district courts have explained, a party misuses a protective order when it over-designates discovery materials in that way." *Edwards Vacuum, LLC v. Hoffman Instrumentation Supply, Inc.*, 2021 U.S. Dist. LEXIS 9605. *See*, e.g., *In re ULLICO Inc. Litig.,* 237 F.R.D. 314, 317 (D.D.C. 2006) ("ULLICO's designation of documents as 'confidential' is governed by an overarching requirement of good faith. However, the Court finds that ULLICO violated this requirement and acted in bad faith.")

**III.  ARGUMENT**

    **A.    Defendants have engaged in mass, indiscriminate, and routinized designations in violation of the Protective Order.**

Defendants have not acted in good faith by deliberately misusing the Protective Order.

The Protective Order states: Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. (Dckt. 70, 5:1-4). Designating every witness's deposition Confidential at the outset of the deposition, can only be described as a mass, indiscriminate, and routinized designation scheme that violates the protective order. (Declaration of Shelley Molineaux, Exhibits A-O). *See THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 646 (N.D. Ill. 1993) ("Clearly, every public document designated as 'Attorney's Eyes Only' constitutes a flagrant violation of the Protective Order. (emphasis in original). Defendants designated every transcript Confidential, usually before hearing the testimony, in disregard of the Protective Order and in an effort to impose unnecessary burden and expense on Plaintiffs.

B. **Defendants' actions violate the public's right to information**

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (allowing newspaper to intervene in sexual harassment lawsuit brought by two female police officers, so that newspaper could gain access to investigatory report commissioned by city). Rule 26(c)(1), however, "authorizes a district court to override this presumption where 'good cause' is shown." *Id.*; *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary."). This presumption of access is not rebutted merely by the existence of a protective order. *See,* e.g., *Gregory v. City of Vallejo*, 2014 U.S. Dist. LEXIS 116816, 2014 WL 4187365, at *3 (E.D. Cal. Aug. 21, 2014). Here the public's right of access is particularly strong as Defendants are a public entity and the case involved an elected official and public employees.

NICHOLS LAW, P.C.
75 BROADWAY, SUITE 202

Defendants are not entitled to designate testimony or documents Confidential merely to save themselves from embarrassment or exposure particularly where, as here, there is a high degree of public interest and a public right to know exists. "Numerous courts have held that mere embarrassment, without a demonstration that the embarrassment will be particularly serious or substantial, is not enough to demonstrate good cause for a protective order." *Schoonmaker v. City of Eureka*, 2018 U.S. Dist. LEXIS 173795, 2018 WL 4896177, at *1 (N.D. Cal. Oct. 9, 2018) (collecting cases) (internal quotation marks and citation omitted).

### C. **Defendants failed to alert Plaintiffs that they already determined they mis-designated documents in violation of the Protective Order.**

Tellingly, Defendants acknowledge in the Declaration of John Fish filed in support of their Motion for Summary Judgment ("MSJ") that the portions of testimony they filed in support of their MSJ are not confidential." (Dckt #95-1, Fish Dec. ¶¶ 3, 7, 8, 9, 10, 11, 14, 15, 17, 18, 19.) They failed, however, to determine what other portions of the hundreds of pages of testimony are also not confidential, as required by the Protective Order, nor did they notify Plaintiffs at all, least of all promptly, as required by the Protective Order, that they were withdrawing the mistaken designation as to the documents they did file. (Dckt # 71(5.1). Plaintiffs learned that Defendants no longer considered certain testimony confidential, for the first time, while reading Defendants' Motion for Summary Judgment. However, this is an implicit acknowledgment that Defendants failed to exercise restraint and care in designating material for protection, as called for by the Protective Order. (Dckt. #71 4:22-28).

### D. **Defendants have acted in bad faith and should be sanctioned.**

Defendants and their counsel should be sanctioned, as called for by the Protective Order, for their mass, indiscriminate and routinized designations, their violation of the public's right to access, their failure to promptly notify Plaintiffs of their mistaken designation, and the additional burden

**MOTION FOR SANCTIONS**                                                                                           Shelley A. Molineaux, Esq.
*Knox, et. al v. County of Contra Costa et. al.*                           3

they placed on Plaintiffs in having to take on the additional, and unnecessary, onerous task of filing under seal. It is the Defendants' blasé attitude that they "have determined" all the testimony *they* needed to support *their* Motion for Summary Judgment just happened to not be confidential pursuant to *their* own designation. Defendants absolved themselves of the burden of filing under seal yet kept in place the burden on Plaintiffs. Additionally, Defendants have impermissibly restricted the public's right of access, particularly here where it is public officials at issue. Defendants' actions exemplify bad faith.

### E. **Plaintiffs Seek An Order That All of The Documents Designated as Confidential by Defendants are De-Designated and an Award of Sanctions**

All the Confidential designations asserted by Defendants in this case, should be de-designated and Defendants should be required to redesignate only those documents that fit within the protective order, as called for by the protective order. (Dckt # 71(5.1).) Given that the language of the Protective Order suggests the sanctions are intended as a punishment, and not merely to compensate Plaintiffs for their time, Plaintiffs request $10,000 in sanctions against Defendants both for the additional time spent on the Opposition to the MSJ, the making of this motion, and to deter future behavior. The actions of Defendants are particularly egregious considering their positions as public officials.

///
///
///
///
///
///
///
///

**MOTION FOR SANCTIONS**                                                                                                Shelley A. Molineaux, Esq.
*Knox, et. al v. County of Contra Costa et. al.*                         4

### III. CONCLUSION

Defendants have acted in bad faith and sanctions are warranted. For Defendants blatant disregard for the parameters of the Protective Order, the impermissible restriction of the public's right to access, the burden they placed on Plaintiffs, and Defendants failure to notify Plaintiffs that certain transcripts did not need to be marked confidential in order to alleviate the onerous task of filing under seal, Plaintiffs request $10,000 in monetary sanctions and an order that all documents designated Confidential by Defendants in this litigation no longer bear that distinction.

**RATNER MOLINEAUX, LLP**

Dated: April 1, 2022            By: _____/s/_____
                                    David S. Ratner
                                    Shelley A. Molineaux
                                    Ratner Molineaux, LLP
                                    Attorney for Plaintiffs

---

**MOTION FOR SANCTIONS**              Shelley A. Molineaux, Esq.
*Knox, et. al v. County of Contra Costa et. al.*       5